IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 3:10-30 |
| | ) | JUDGE KIM R. GIBSON |
| DELFON L. CHATMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Defendant Delfon L. Chatman's seven pretrial motions: (1) "Motion to Dismiss Indictment"; (2) "Motion for Suppress [sic] Physical Evidence and Motion for Suppression of Statements"; (3) "Motion for James Hearing"; (4) "Motion for Notice of the Government's Intention to Use Certain Evidence"; (5) "Motion for Government Agents and State and Local Law Enforcement Officers to Retain Rough Notes and Writings"; (6) "Motion For Early Disclosure o [sic] Jencks Material"; and (7) "Motion for Writ of Habeas Corpus." (Doc. No. 95). The Government opposes six of the seven motions. (See Doc. No. 167). For the reasons that follow, the Court will **GRANT** the motion to retain rough notes and writings, defer its ruling on the motion to suppress until after the suppression hearing is conducted, and **DENY** the five remaining motions.

### II. BACKGROUND

On September 14, 2010, Defendant was charged in an Indictment with one count of conspiracy to distribute and possess with intent to distribute one hundred grams or more of heroin, four counts of distribution of less than one hundred grams of heroin, and one count of possession with intent to distribute less than one hundred grams of heroin, in violation of 21 U.S.C. §§ 846,

1

841(a)(1), and 841(b)(1)(C). (Doc. No. 1). On March 2, 2011, Defendant filed seven pretrial motions. (See Doc. No. 95 at 3-14). The Government filed its response on November 9, 2011. (Doc. No. 167). A suppression hearing is currently scheduled for December 1, 2011, and the Court will not rule on Defendant's motion to suppress until after that hearing. The other motions, however, are ripe for disposition.

### III. DISCUSSION

#### A. "Motion to Dismiss Indictment"

Defendant contends that the Court should dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) because: (1) the Indictment is legally insufficient; (2) the Indictment violates his rights to due process; and (3) probable cause never existed to bring the charges against Defendant. (See Doc. No. 95 at 4-5). The Court will address each contention.

##### 1. Legal Sufficiency

Defendant claims that the Indictment should be dismissed as legally insufficient because it "merely tracks the language of the statute" and does not cite with "factual particularity" the length and geographic scope of the alleged conspiracy. (Doc. No. 95 at ¶ 24). An indictment is sufficient so long as it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Saybolt*, 577 F.3d 195, 205 (3d Cir. 2009) (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)); *United States v. Cheatham*, 500 F. Supp. 2d 528, 530 (W.D. Pa. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)); see also FED. R. CRIM. P. 7(c) ("The indictment or information must be a plain, concise, and definite

2

written statement of the essential facts constituting the offense charged . . . . For each count, the indictment or information must give the official or customary citation of the . . . provision of law that the defendant is alleged to have violated."). The Third Circuit has further explained that:

> Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged. No greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.

*Saybolt*, 577 F.3d at 205 (citations and quotation marks omitted).

Despite Defendant's contention, the Indictment in the case *sub judice* is sufficient. Each Count of the Indictment sets forth every element of the charged offense, the time frame and geographical area in which the offense is alleged to have occurred, and the quantity of the controlled substance allegedly possessed or distributed by Defendant. (See Doc. No. 1). The Indictment follows the language of the charging statutes, but no greater specificity is needed because the Indictment includes sufficient facts to apprise Defendant of the charges against him and enable him to prepare his defense. See *Saybolt*, 577 F.3d at 205; *Cheatham*, 500 F. Supp. 2d at 531. Therefore, the Court will **DENY** Defendant's motion to dismiss the Indictment for legal insufficiency.

### 2. Due Process

Defendant next claims that the Indictment should be dismissed because the Government's outrageous investigative techniques violated his due process rights. (See Doc. No. 95 at 5). Specifically, Defendant claims that the "entire investigation against him is based upon information that was obtained through an invalid and unlawful traffic stop and there by [sic] tainted evidence as

'Fruit of the Poisonous Tree.'" (*Id.* at ¶ 28). Although a suppression hearing has been scheduled to determine the circumstances surrounding the traffic stop in question, the Court, for the purpose of this motion only, will accept as true Defendant's allegation that the traffic stop was unlawful.

"[A] criminal defendant may raise a due process challenge to an indictment against [him] based on a claim that the government employed outrageous law enforcement investigative techniques." *United States v. Christie*, 624 F.3d 558, 573 (3d Cir. 2010) (quoting *United States v. Nolan-Cooper*, 155 F.3d 221, 229 (3d Cir. 1998)). In assessing such a claim, "[t]he pertinent question is whether the government's conduct was so outrageous or shocking that it amounted to a due process violation." *Christie*, 624 F.3d at 573 (citing *United States v. Hoffecker*, 530 F.3d 137, 153-54 (3d Cir. 2008)). Courts are "extremely hesitant to find law enforcement conduct so offensive that it violates the Due Process Clause." *United States v. Voigt*, 89 F.3d 1050, 1065 (3d Cir. 1996). Thus, "although [the doctrine is] often invoked by defendants, [it] is rarely applied by courts." *Id.* (collecting cases).

This high standard notwithstanding, the Third Circuit has concluded that the following conduct was sufficiently egregious to justify dismissing the indictment: "the government itself manufactured the illegal activity and then prosecuted others who engaged in that activity alongside government actors." *Christie*, 624 F.3d at 573 (citing *United States v. Twigg*, 588 F.2d 373, 379 (3d Cir. 1978) ("We do not believe the Government may involve itself so directly and continuously over such a long period of time in the creation and maintenance of criminal operations, and yet prosecute its collaborators.")); see also *United States v. Pitt*, 193 F.3d 751, 759-760 (3d Cir. 1999) ("The defense of outrageous government conduct examines whether a defendant's due process

4

rights have been violated *because the government created the crime for the sole purpose of obtaining a conviction.*") (emphasis added).

Instantly, Defendant contends that the traffic stop from which this case stems was unlawful because the officer who initiated the stop had no reasonable suspicion or probable cause to do so. Even accepting this allegation as true, such conduct does not rise to the level of shocking or outrageous conduct sufficient to dismiss an indictment. A traffic stop constitutes a brief interference with someone's freedom of movement; it is not tantamount to the government manufacturing illegal activity and prosecuting those participants ensnared by the government's own criminal operation. See *Twigg*, 588 F.2d at 379. The Court, therefore, will **DENY** Defendant's motion to dismiss the Indictment on due process grounds.

### 3. Probable Cause

Defendant also contends that the Court should dismiss the Indictment because the entire investigation has been tainted by unlawfully seized evidence, and, therefore, "probable cause never existed to bring the charges against [him]." (See Doc. No. 95 at ¶¶ 28-29). Defendant's contention, however, is an improper attack on the sufficiency of the evidence considered by the grand jury.

An indictment may not be challenged "on the ground that there was inadequate or incompetent evidence before the grand jury[.]" *Costello v. United States*, 350 U.S. 359, 363 (1956); *United States v. Fenton*, Crim. No. 98-01J, 1998 U.S. Dist. LEXIS 9763, *11 (W.D. 1998) (Smith, J.); see also *United States v. Calandra*, 414 U.S. 338, 345 (1974) ("[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence[.]") (citations omitted). Accordingly, federal courts consistently deny motions to dismiss indictments for lack of probable cause. See e.g., *United States v. Alcantar*, Crim.

No. 11-2230, 2011 U.S. Dist. LEXIS 120971, *4 (D. Ariz. 2011) ("A claim of insufficient evidence supporting the grand jury's finding of probable cause is not grounds for dismissal of an indictment."); *United States v. Tuua*, Crim. No. 08-00159, 2008 U.S. Dist. LEXIS 48054, *15 (D. Haw. 2008) ("The grand jury found probable cause to indict [Defendant], and this court may not override the grand jury by granting [Defendant]'s motion to dismiss the Indictment for lack of probable cause."); *United States v. Edwards*, 563 F. Supp. 2d 977, 1013-14 (D. Minn. 2008) ("[D]efendant's motion to dismiss based on lack of probable cause due to insufficient evidence should be denied" because it has "long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury[.]"). The same result is compelled in this case; thus, this Court will **DENY** Defendant's motion to dismiss the Indictment for lack of probable cause.

### B.    "Motion for James Hearing"

Citing *United States v. James*, 576 F.2d 1121 (5th Cir. 1978), modified en banc, 590 F.2d 575 (5th Cir. 1979), Defendant requests that the Court: (1) conduct a pretrial *James* hearing to determine the existence of the conspiracy alleged in this matter; and (2) compel the Government to disclose all alleged statements by co-conspirators which satisfy Federal Rule of Evidence 801(d)(2)(E). (See Doc. No. 95 at 8-9). The Government opposes Defendant's motion and argues that conducting a *James* hearing "is not the custom in this circuit[,]" (Doc. No. 167 at 20), and would result in a "'mini-trial' requiring the production of numerous witnesses and days of testimony." (*Id.* at 22). This Court previously addressed these exact arguments in *United States v. Cheatham*, 500 F. Supp. 2d 528, and will reexamine them in turn.

### 1. Custom

In *Cheatham*, this Court explained:

> [T]he notion of a *James* hearing originates from the case of *United States v. James*, 576 F.2d. 1121 (5th Cir. 1978) *modified en banc,* 590 F.2d 575 (5th Cir. 1979). In *James*, a Fifth Circuit panel required that any co-conspirator statements sought to be admitted under F.R.E. 801(d)(2)(E) first be evaluated by the trial judge in a hearing pursuant to F.R.E. 104(c) outside of the presence of the jury. *James* at 1132. The Fifth Circuit *en banc* reconsidered this matter (without discussing the need for a hearing without a jury) and concluded that F.R.E. 104(a) required a trial judge to "make the determination of the admissibility of the evidence" and that a certain order of proof was preferred to avoid any mistrial or other difficulties inherent in "connecting-up" evidence of a conspiracy that was presented to the jury after the co-conspirator's statement had been admitted into evidence. *James,* 590 F.2d at 580, 581-582. A separate Fifth Circuit panel subsequently recognized the practice of conducting a *James* hearing outside of the presence of the jury was not a disallowed practice, but one still utilized by trial judges in that circuit in the proceeding years after the *en banc James* decision. *See U.S. v. Ricks,* 639 F.2d 1305, 1309-1310 (5th Cir. 1981).

*Id.*, 500 F. Supp. 2d at 536-37. This Court also noted that trial courts in the Third Circuit may conduct *James* hearings, citing its previous decision in *United States v. Giardina,* Crim. No. 04-029J, 2005 U.S. Dist. LEXIS 28374 (W.D. Pa. 2005), where this Court concluded that a *James* hearing was the "best practice" in that case because, *inter alia*, the case did "not involve a complex conspiracy with multiple defendants[.]" *Id.*, 2005 U.S. Dist. LEXIS 28374 at *6-7.

Ultimately, this Court declined to conduct a *James* hearing in *Cheatham* after distinguishing *Giardina* on its facts. Unlike the single defendant charged in a two count indictment in *Giardina*,[1] *Cheatham* involved a complex eight person conspiracy and a seventeen count indictment alleging criminal activity spanni ng an eighteen month period. Thus, this Court denied the defendant's

---

[1] *Giardina* did not involve a complex conspiracy, this Court reasoned, because the case "concerns only one defendant under a two count indictment and neither of the counts are for conspiracy but for two violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (distribution of less than 100 grams of heroin)." *Id.*, 2005 U.S. Dist. LEXIS 28374 at *7.

7

request for a *James* hearing because it "most certainly" would have turned into a "mini-trial." *Cheatham*, 500 F. Supp. 2d at 537.

In the instant matter, the complex conspiracy in which Defendant allegedly participated is akin to that in *Cheatham*, not *Giardina*. The Indictment sets forth twelve counts against four defendants. (See Doc. No. 1). Additionally, Count One alleges that all four defendants conspired to distribute and possess with intent to distribute over one hundred grams of heroin over the course of eleven months. (*Id.* at 1). Here, as in *Cheatman*, "[i]n light of the complexity and breadth of the alleged conspiracy, the Court will not order a [*James*] hearing and will [instead] permit the Government to admit co-conspirator statements as conditionally relevant and subject to 'connecting up' with the necessary foundational evidence pursuant to F.R.E. 801(d)(2)(E)." *Id.*, 500 F. Supp. 2d at 537. Thus, the Court will **DENY** Defendant's motion in this respect.

### 2. Compel Discovery

Defendant next requests that all co-conspirator statements be disclosed pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A). This Court has expressly concluded that "Rule 16 does not provide for the Government's production of a co-conspirator's statements to a defendant[,]" and this decision is in line with the "[d]istrict courts of the Third Circuit which have consistently [so] held[.]" See *Cheatham*, 500 F. Supp. 2d at 538-39 (collecting cases). The Court, therefore, will **DENY** Defendant's motion in this respect as well.

### C. "Motion for Notice of the Government's Intention to Use Certain Evidence"

In this motion, Defendant asks the Court to compel the Government to identify: (1) the documents it intends to introduce at trial; (2) co-conspirator statements under F.R.E. 801(d)(2)(E);

and (3) evidence of Defendant's other crimes, wrongs, or acts under Rule 404(b). (See Doc. No. 95 at 10-11). The Court will consider these requests *seriatum*.

### 1. Documents

"[B]ecause of the voluminous nature of the evidence expected to be offered against" him at trial, Defendant requests that the Court compel the Government to presently identify "which documents it intends to introduce or offer into evidence." (See *id.* at 10). The Government opposes this request claiming that it has fully complied with its maximum obligation to disclose exculpatory evidence under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963). (See Doc. No. 167 at 24-25).[2] This Court previously denied a similar request to compel the Government to "designate which documents, among those provided to the defendants, it intends to use as trial exhibits" finding that there is "no case or statutory law supporting the defendants' request for such a list." *United States v. Litman*, 547 F. Supp. 645, 652 (W.D. Pa. 1982).

Instantly, Defendant has not directed the Court to any authority supporting his request, while even a brief search produces ample authority militating against it. See e.g., *United States v. Prince*, 618 F.3d 551, 561-62 (6th Cir. 2010) (rejecting the defendant's claim that the district court abused its discretion by not requiring the government to specifically identify the exhibits it intended to introduce at trial from among the estimated 70,000 pages of discovery materials that were provided to the defendant); *United States v. Bledsoe*, Crim. No. 2:05-370, 2006 U.S. Dist. LEXIS 78898, *3-7 (W.D. Pa. 2006) (rejecting the defendant's request for disclosure of oral statements that will be offered at trial for "a number of reasons" and noting that "Rule 16 was not designed to provide a

---

[2] The Government also notes that "[o]n October 16, 2010, the United states provided 168 pages of Rule 16 Material, 60 pages of which is comprised of [Defendant]'s criminal record." (Doc. No. 167 at 24 n.9).

defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial") (citations omitted); *United States v. Baker*, Crim. No. 2:10-129, 2011 U.S. Dist. LEXIS 60451, *5-6 (W.D. Pa. 2011) (citing *United States v. Fioravanti*, 412 F.2d 407, 411 (3d Cir. 1969), cert. denied, 396 U.S. 837 (1969), for the proposition that "[t]he rights conferred by rule, statute, and case law cannot be used to compel the United States to disclose the minutia of its investigation, evidence, witnesses and/or trial strategy"). Therefore, the Court will **DENY** Defendant's motion in this respect.

### 2. Co-conspirator Statements

Defendant, as in his motion for *James* Hearing, requests that this Court compel the disclosure of co-conspirator statements under F.R.E. 801(d)(2)(E) which the Government intends to introduce at trial. (See Doc. No. 95 at 10). For the reasons discussed *supra*, the Court will once again **DENY** this request.

### 3. Character Evidence

Defendant also asks the Court to require the Government to notify Defendant of its intention to use any evidence which would fall within the purview of F.R.E. 404(b). The Court's Amended Pretrial Order requires the Government to produce this evidence to Defendant on or before January 2, 2012. (See Doc. No. 145 at 3). In its response, the Government indicated that it does not presently intend to introduce any such evidence, but will comply with the Court's order should it ultimately attempt to introduce such evidence at trial. (See Doc. No. 167 at 25). Thus, the Court will **DENY** Defendant's motion without prejudice and grant Defendant leave to file an appropriate motion if the Government fails to comply with the Court's order.

### D. "Motion for Government Agents and State and Local Law Enforcement Officers to Retain Rough Notes and Writings"

Defendant requests that the Court issue an order compelling the Government to instruct its agents and the officers investigating this matter to retain and preserve all "rough notes and writings" produced during the investigation and prosecution of this matter. (See Doc. No. 95). The Government does not object to this motion because the Government avers that "[i]n compliance with the long-standing general Order in this District[,]" it has already instructed its agents and officers to do so. (Doc. No. 167 at 26). Accordingly, Defendant's motion is **GRANTED**. See *Giardina*, 2005 U.S. Dist. LEXIS 28374 at *10-11; *United States v. Green*, Crim. No. 08-26-J, 2009 U.S. Dist. LEXIS 45476, *10 (W.D. Pa. 2009) (ordering same).

### E. "Motion For Early Disclosure o [sic] Jencks Material"

Defendant next requests that this Court compel the early disclosure of Jencks Material[3] "[i]n the interests of due process of law, effective assistance of counsel and the fair and efficient conduct of trial[.]" (Doc. No. 95 at 12). Counsel for Defendant made an identical request in *United States v. Green*, which the Court denied. See *id.*, 2005 U.S. Dist. LEXIS 28374 at *12-13. In *Green*, the Court noted that it was "baffled by the frequent filing of motions for early disclosure of Jencks Material; such a request asks this Court to order what it has no power to order." *Id.* at *13-14 n.1 (discussing 18 U.S.C. § 3500, FED. R. CRIM. P. 16(a)(2) and *United States v Murphy*, 569 F.2d 771 (3d Cir. 1978)). Furthermore, "[g]iven the 'blunt command' of [18 U.S.C. § 3500], along with 'unbroken precedent in the Courts of Appeal,'" this Court found that the request for early disclosure

---

[3] "The Jencks Act and [Federal Rule of Criminal Procedure] 26.2 require the Government to disclose prior recorded statements of its witnesses after they testify." *United States v. Heilman*, 377 F. App'x 157, 195 (3d Cir. 2010) (citations omitted).

11

was "frivolous and an unnecessary waste of Court resources." *Id.* The Court also directed "all such movants' attention to Rule 3.1 of the ABA Model Rules of Professional Conduct" prohibiting lawyers from making unmeritorious claims or contentions, and quoted the rule in full. *Id.*

The Court will **DENY** Defendant's instant request[4] and provide an additional reminder to Counsel for Defendant that motions to compel the early disclosure of Jencks Material are frivolous and an unnecessary waste of Court resources. Going forward, the Court will consider sanctioning Counsel for Defendant if he continues to file such frivolous motions.

### F. "Motion for Writ of Habeas Corpus"

Defendant's last motion requests "that a writ of habeas corpus issue, directed to the Marshal, commanding such Marshal to bring the custody of Defendant, together with the time and cause of such imprisonment and detention, before this Court, to do and receive what then and there shall be considered concerning Defendant by the Court." Defendant further alleges that his present detention violates the Constitution and laws of the United States because: (1) his "[a]rrest and incarceration are a result of an overly broad warrant and fruit thereof"; (2) "[s]pecifics of co-conspirator conduct have not been established for incarceration"; and (3) his "incarceration is based upon a revoked bond which is excessive detainment and denies his right to due process for pretrial services and bond reduction." (Doc. No. 95 at 13-14). The Court will construe this motion as a pretrial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[5]

---

[4] The government indicated its willingness to voluntarily disclose all Jencks Material to Defendant by January 5, 2012, four days before trial is scheduled. (Doc. No. 167 at 27). Such action is encouraged by the Court to facilitate the speedy and effective resolution of trials.

[5] The Court recognizes that under 28 U.S.C. § 2241(c)(1), a federal court may issue a writ of habeas corpus to a petitioner who has not yet been convicted and is being detained pending trial. See *id.*; see also *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States'") (citations omitted);

12

Defendant's habeas corpus petition fails for two reasons. First, Defendant makes unsupported, conclusory assertions of Constitutional violations which "are insufficient to establish the necessary nexus between the alleged misconduct and the legality of his current custody." *Johnson v. United States*, 265 F. App'x 79, 80 (3d Cir. 2008) (citing *Brown v. Lundgren*, 528 F.2d 1050, 1054 (5th Cir. 1976)). Second, Defendant's petition is not presently "the appropriate vehicle [to raise] violations of his constitutional rights." *Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008) (per curiam) (quoting *Gov't of the Virgin Islands v. Bolones*, 427 F.2d 1135, 1136 (1st Cir. 1970) (per curiam)).[6] Accordingly, Defendant's motion is **DENIED**.

## IV. CONCLUSION

Upon consideration of Defendant's seven "Pretrial Motions" (Doc. No. 95) and the Government's response (Doc. No. 167), and for the reasons stated above, the Court will: (1) defer its ruling on the motion to suppress until after the suppression hearing is conducted; (2) **GRANT** Defendant's motion to retain rough notes and writings; and (3) **DENY** the five remaining motions. An appropriate order follows.

---

*Johnson v. United States*, 265 F. App'x 79 (3d Cir. 2008) ("The District Court committed no error in denying [the] pretrial habeas petition" of a "defendant in a complex criminal case currently pending before the District Court.").

[6] Defendant may instead file a motion with this Court under 18 U.S.C. § 3145(b) for revocation or amendment of the detention order issued by Magistrate Judge Pesto. (Doc. No. 80).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DELFON L. CHATMAN, )<br>)<br>Defendant. ) | CRIMINAL NO. 3:10-30-01<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 23rd day of November, 2011, upon consideration of Defendant's seven pretrial motions (Doc. No. 95) and the Government's response (Doc. No. 167), and in accordance with the Memorandum, it is **ORDERED** that:

1. Defendant's "Motion for Government Agents and State and Local Law Enforcement Officers to Retain Rough Notes and Writings" is **GRANTED**.

2. Defendant's "Motion to Dismiss Indictment"; "Motion for James Hearing"; "Motion for Notice of the Government's Intention to Use Certain Evidence"; "Motion For Early Disclosure o [sic] Jencks Material"; and "Motion for Writ of Habeas Corpus" are **DENIED**.

3. The Court will rule on Defendant's "Motion for Suppress [sic] Physical Evidence and Motion for Suppression of Statements" after the suppression hearing is conducted.

BY THE COURT:

Kim R. Gibson

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**