IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
v.
DELFON L. CHATMAN,
    Movant

Case No. 3:10-cr-30-KRG-KAP
(Case No. 3:13-cv-286-KRG-KAP)

Memorandum Report and Recommendation

Movant Chatman's motion to vacate, docket no. 301, was referred to me under 28 U.S.C.§ 636(b)(3). It should be denied.

Chatman claims that he should be resentenced because his counsel was inefffective in failing to raise two claims: one, that a conviction of unlawful restraint used as a predicate offense to classify him as a career offender was a nonqualifying misdemeanor under Pennsylvania law and not a felony; and two, that a discussion of this offense in the presentence report incorrectly described Chatman as having sexually assaulting the victim. Chatman's counsel did advance the first claim in the direct appeal at United States v. Chatman, No. 12-2818 appeal dismissed (3d Cir.October 2, 2012), in counsel's September 20, 2012 Response to the government's motion to enforce the appellate waiver. Though unsuccessful, counsel cannot be ineffective for failing to raise a claim that he in fact raised. As for the second claim in the motion to vacate, Chatman does not argue, much less show, that any prejudice resulted from the alleged error in the PSR: he received a sentence of 210 months, at the bottom of the applicable guideline range of 210-262 months. The claims fail on the merits.

But, as already adumbrated, Chatman was unsuccessful on direct appeal because the government successfully moved to enforce the appellate waiver that was part of the plea agreement in this matter. That waiver encompassed both direct appeals and collateral attacks. Chatman does not even address the existence of his appellate waiver or show why this court can, much less should, reach a different conclusion than the Court of Appeals did as to its validity. Since the court fully explored Chatman's knowing and voluntary agreement to the waiver at the time the plea was entered, docket no. 263, Transcript of December 8, 2011 Plea Colloquy at 18-19, and since Chatman's waiver is even more all-encompassing in its waiver of collateral attacks than it is in its waiver of direct appeals, this court should not even consider the merits of the motion to vacate. Plea agreements are essentially contracts that give rise to a right under the Due Process Clause of the Fifth (federal prosecutions) or Fourteenth (state prosecutions) Amendment to enforcement in accordance with the agreement of the parties. Puckett v. United States, 556 U.S. 129, 137 (2009); Santobello v. New York, 404 U.S. 257, 262 (1971)("[A] constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.") Appellate waivers such as the one Chatman agreed to as part of his plea agreement call for the defendant not to take some action,

namely, not to take an appeal or not to file a collateral attack. Those negative obligations are just as much a part of the plea agreement as the positive ones. See Mabry v. Johnson, 467 U.S. 504 (1984). They can validly include a waiver of the right to challenge the effectiveness of counsel. See e.g. United States v. Grimes, 739 F.3d 125, 128-31 (3d Cir.2014)(a knowing and voluntary waiver agreement should be enforced as to matters within the scope of the agreement unless it works a miscarriage of justice).

The Court of Appeals has not foreclosed an attack on a waiver agreement where the movant shows that counsel was ineffective in the negotiation of the waiver of a direct appeal or a collateral attack. Grimes, supra, 739 F.3d at 129, citing United States v. Mabry, 536 F.3d 231, 243 (3d Cir.2008). But Chatman's motion asserts trial counsel's ineffectiveness in missing two claims that would be encompassed by the waiver. Claims of legal error normally raised on direct appeal are not claims of a conflict of interest or some other issue going to trial counsel's effectiveness in agreeing to the waiver itself, and cannot be re-packaged as such to evade the waiver. To consider Chatman's motion to vacate on the merits despite a valid waiver would for no good reason undermine the relative certainty of mutual benefit that is the *raison d'être* of the plea bargaining process under Fed.R.Crim.P.11(c)(1)(B).

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 22 January 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Delfon Chatman, Reg. No. 32600-068
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351